UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LG CAPITAL FUNDING, LLC,

                            Plaintiff,                              **ORDER**

             -against-                             16-CV-6288 (NGG) (ST)

WORTHINGTON ENERGY, INC.,

                            Defendant.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On November 11, 2016, Plaintiff LG Capital Funding, LLC, commenced this action against Defendant Worthington Energy, Inc., seeking relief under the theories of breach of contract and unjust enrichment in connection with Defendant's alleged default on three convertible promissory notes. (Compl. (Dkt. 1) ¶¶ 29-38.) Defendant has not appeared in this action and has failed to answer or otherwise respond to the Complaint. On June 28, 2017, the Clerk of Court entered default against Defendant. (Entry of Default (Dkt. 13).) On July 28, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for entry of a default judgment against Defendant (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 15).) The court referred the Motion to Magistrate Judge Steven L. Tiscione for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (July 28, 2017, Order.)

On February 20, 2018, Judge Tiscione issued an R&R that recommended "granting Plaintiff's motion and awarding damages of $103,602.36, comprised of $97,544.32 in unpaid principal and $6,058.04 in unpaid interest that was due upon default." (R&R (Dkt. 17) at 15.) In addition, Judge Tiscione recommended "awarding default interest at the rate of 24% annually,

1

accruing from the date of April 9, 2015, [through the entry of judgment,] based on a principal amount of $97,544.32." (Id.) Judge Tiscione also recommended "awarding Plaintiff attorneys' fees in the amount of $5,225.00 and costs in the amount of $705.20." (Id.)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)).

The court has reviewed both the record and the R&R and, finding no clear error, ADOPTS IN FULL the R&R (Dkt. 17). Plaintiff's Motion (Dkt. 15) is GRANTED. The court awards Plaintiff (1) damages in the amount of $103,602.36, representing $97,544.32 in unpaid principal and $6,058.04 in unpaid interest that was due upon default; (2) default interest at the rate of 24% annually, accruing from the date of April 9, 2015, through the entry of judgment, based on a principal amount of $97,544.32; and (3) attorneys' fees in the amount of $5,225.00 and costs in the amount of $705.20. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 14, 2018

      s/Nicholas G. Garaufis
      NICHOLAS G. GARAUFIS
      United States District Judge